| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08216-RGK-SSx | Date | October 4, 2019 |
| Title | DENNIS SOLOMON v. JOE LING ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION FOR RECONSIDERATION OF HIS MOTION TO REOPEN UNDER RULE 60(B)(6) (Dkt. [ 72 ],
filed September 26, 2019)

## I. INTRODUCTION AND BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. Accordingly, the hearing date of October 28, 2019 is **VACATED**.

On September 26, 2019, *pro se* plaintiff Dennis Solomon filed the instant "Motion for Reconsideration of His Motion to Reopen Under Rule 60(b)(6)." Dkt. 72 ("Mot."). Plaintiff "moves under Rule 60(b)(6) and 28 USC §144 [sic] that the Chief Judge of this Court disqualify R. Gary Klausner for his violation of 28 USC §144 [sic]; vacate his order dismissing this case as to Defendant Tucker and Aparicio; and reopen the present case with an unbiased jurist." Id. at 1. On September 27, 2019, the motion was referred to this Court for ruling pursuant to General Order 19–03 and Local Rule 72–5. Dkt. 73. The Court construes the motion as a motion to disqualify Judge Klausner.[1]

---

[1] The Court notes that plaintiff's motion additionally seeks that "all the related acts of Judge Klausner [be] vacated," that "this case should be re-opened," and that plaintiff be given "leave to amend the present case to reflect recent relevant events." Mot. at 9. However, only plaintiff's request to disqualify Judge Klausner is properly before this Court. See General Order 19–03 at 18 ("If a motion is made to disqualify a district judge in any case, the motion will be referred to the Clerk for random assignment to another

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:16-cv-08216-RGK-SSx | Date | October 4, 2019 |
|---|---|---|---|
| Title | DENNIS SOLOMON v. JOE LING ET AL. | | |

## II. DISCUSSION

The gravamen of plaintiff's complaint is that defendants engaged in a scheme to deprive plaintiff of the property of his aunt and uncle, including "personal items, photo albums, collectibles, rare Judaica, art and the bulk of the monetary assets[.]" See generally Dkt. 3. Plaintiff alleges that defendants perpetrated the scheme through use of duplicitous means, including by inducing plaintiff's aunt, shortly prior to her death, to amend a trust so as to limit what plaintiff would take under that trust. Id. On March 21, 2017, Judge Klausner dismissed plaintiff's claims against certain defendants for failure to timely serve these defendants in accordance with Federal Rule of Civil Procedure 4(m). See Dkt. 51. On April 27, 2017, Judge Klausner dismissed plaintiff's claims against the remaining defendants on the grounds that plaintiff lacked standing to pursue claims on behalf of his aunt and uncle, and that the Court lacked subject matter jurisdiction over plaintiff's claims pursuant to the "probate exception" and the *Rooker-Feldman* doctrine.[2] Dkt. 61.

Plaintiff alleges that Judge Klausner should be disqualified for two reasons. First, plaintiff contends that Judge Klausner, "a devoted Catholic and educated at Notre Dame and Loyola Law School, is biased and should be disqualified." Mot. at 2. Second, plaintiff asserts that Judge Klausner "received and failed to disclose prejudicial ex parte communications originating from a Notre Dame classmate, Michael A. McManus, Jr., who bears a personal, religious and political enmity to the Plaintiff." Mot. at 2. The Court finds these claims of bias unavailing.

The Court construes plaintiff's motion for disqualification as being brought pursuant to both 28 U.S.C. §§ 144 and 455. Section 144 provides for disqualification whenever "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party[.]" 28 U.S.C. § 144. The affidavit must set forth "the facts and the reasons for the belief that bias or prejudice exists." Id. Pursuant to

---

district judge . . . [and] [t]he judge to whom a motion to disqualify is assigned will promptly determine the motion.").

[2] "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate[.]" Marshall v. Marshall, 547 U.S. 293, 311 (2006). Pursuant to the *Rooker-Feldman* doctrine, "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08216-RGK-SSx | Date | October 4, 2019 |
| Title | DENNIS SOLOMON v. JOE LING ET AL. | | |

Section 455, judges must disqualify themselves "in any proceeding in which their impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

The substantive standard for disqualification is the same with respect to both provisions: "Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) (internal citation and punctuation omitted). Moreover, the alleged bias cannot result from mere disagreement, however vehement, with a judge's rulings; instead, "the alleged bias must stem from an 'extrajudicial source.'" Id. (citing Liteky v. United States, 510 U.S. 540, 548 (1994)). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555.

"While there is no *per se* rule that recusal motions must be made at a fixed point in order to be timely, . . . such motions should be filed with reasonable promptness after the ground for such a motion is ascertained." E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1295 (9th Cir. 1992). As such, "[t]he Ninth Circuit has warned that a recusal motion made after the entry of judgment is presumptively untimely." United States v. Bell, 79 F. Supp. 2d 1169, 1172 (E.D. Cal. 1999). The Court notes that plaintiff first filed his complaint on November 1, 2016, and Judge Klausner dismissed the case on April 27, 2017. Dkt. 3; 61. Thus, plaintiff filed the instant motion more than two years after the case was closed.[3] Plaintiff's motion provides no explanation for this delay.[4]

In support of his motion, plaintiff offers only conclusory allegations of bias. For example, plaintiff alleges that Judge Klausner "has known Michael A. McManus, Jr. since the 1960s when they were classmates on the small campus of Notre Dame. Both graduated in 1964 and served as US Army attorneys. While presiding over this case, [Judge] Klausner received ex parte communications from McManus including that the obstruction of

---

[3] Plaintiff filed the instant motion after Judge Klausner struck a complaint and reconsideration motion that plaintiff filed on September 16, 2019. Dkt. 69; 70; 71.

[4] Nor is plaintiff's motion "accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. This too provides a basis for denying plaintiff's motion. See Bell, 79 F. Supp. 2d at 1173 (finding that movant's failure to provide a certificate of good faith is "itself sufficient grounds for denying [the] motion.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08216-RGK-SSx | Date | October 4, 2019 |
| Title | DENNIS SOLOMON v. JOE LING ET AL. | | |

discovery was of the utmost importance to the Catholic Church." Mot. at 3. Plaintiff moreover contends that "[a]s a practicing Catholic, educated at Catholic institutions, it is impossible [for Judge Klausner] to avoid 'the appearance of impropriety[.]'" Id. Finally, plaintiff asserts that Judge Klausner has made "public comments on the settling Croatian Nazi collaborators and Utasha in Long Beach, San Pedro and southern California," and that "[f]urther investigation following unlawful, related acts in April of 2019, by faculty and staff of Loyola Marymount University and Law School, have uncovered long-standing, prejudicial, ex parte communication with Judge Klausner, a graduate of Loyola Law School." Id. at 3–4, 7. Plaintiff does not provide any evidentiary support for these allegations, and they are therefore insufficient to require Judge Klausner's recusal. See Bell, 79 F. Supp. 2d at 1173 ("While a judge's consideration of a motion for recusal must take all facts provided as true for the purpose of ruling on their legal sufficiency, the court need not accept conclusory speculations that lack any factual support."). Moreover, even if these allegations were supported by evidence, they do not establish that Judge Klausner's alleged bias informed his rulings in this case. See id. (denying motion to disqualify judge because movant failed to "demonstrate [that] the court's rulings on the merits are based on anything other than what facts and law the judge was able to ascertain through the case.").

## III. CONCLUSION

In accordance with the foregoing, plaintiff's motion to disqualify Judge Klausner is hereby **DENIED.**

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |